OLIVIERI ET AL., PLAINTIFFS AND APPELLANTS, *v.* AGUILÚ,
DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in Mandamus
Proceedings.

No. 3296.—Decided July 31, 1924.

INJUNCTION— POSSESSION— VERIFICATION— EXCEPTION— APPEAL— TARDY OBJEC-
TION.—In this action for the restoration of the possession of property by
injunction the plaintiff moved for judgment on the pleadings based on a
defective verification of the answer and the court reserved ruling on the
motion and proceeded with the trial of the case, the plaintiff taking no
exception. *Held:* That although the action of the court was not commend-
able, an objection made for the first time on appeal comes too late.

The facts are stated in the opinion.

Mr. *C. Brunet* for the appellants.

Mr. *M. A. Rivera* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The court below after a trial on the merits dismissed an
action for the restoration of the possession of real prop-
erty by way of injunction; and appellant now says that:

"1.—The court below erred in not rendering judgment on the
pleadings.

"2.—The court below erred in weighing the evidence and ren-
dering judgment against the evidence and the law."

The motion for a judgment on the pleadings was based
on a defective verification of the answer. Defendant of-
fered to amend if the court deemed it necessary and did
amend before the rendering of judgment. Instead of dis-
posing of the motion at the time it was made, the court took
the matter under advisement, and proceeded with the trial
of the case. That, of course, is not commendable practice
and assuming that the verification was fatally defective, the
refusal of the court to pass upon the question so raised
before proceeding with the trial, if objected to by plaintiff,
probably would have required a reversal. But plaintiff

neither protested nor took an exception, and the objection to the amended verification, accepted as sufficient by the court below, comes too late when made for the first time on appeal.

Conceding for the sake of argument that appellants' theory of the law covering other aspects of the instant case is correct, in a general way, yet a careful examination of the evidence discloses no such manifest error in the weighing thereof as to justify this court in disturbing the conclusion reached by the trial judge, save in so far as the award of costs is concerned. We find in the record, all things considered, no adequate basis for the pronouncement in this regard.

The judgment appealed from should be modified accordingly and as modified affirmed.

*Modified and affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.